IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


CEDRICK D. GREEN,
    Petitioner,

vs.                                        Case No. 5:07cv91/MCR/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

       This matter is before the court on Petitioner's Second Amended Petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 (Doc. 30). Respondent included a response to Petitioner's claims in its response to Petitioner's motion to amend (*see* Doc. 33). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND

       On March 3, 2006, in the Circuit Court in and for Bay County, Florida, Petitioner entered a plea of nolo contendere to one count of armed robbery and one count of possession of a firearm by a convicted felon in Case No. 00-0022, and one count of robbery in Case No. 00-0081 (Doc. 29 at 1; Doc. 25, Ex. A). The written plea agreement shows that the parties negotiated a sentence of two concurrent terms of fifteen (15) years of incarceration on the possession of a firearm and robbery counts, and a consecutive term of ten (10) years of probation on the armed robbery count, based upon Petitioner's understanding that he faced a maximum sentence of life imprisonment on

the armed robbery count and fifteen (15) years of imprisonment on the robbery and possession of a firearm counts (Doc. 25, Ex. A). Petitioner was sentenced to two concurrent terms of fifteen (15) years of incarceration on the possession of a firearm and robbery counts, with credit of 1880 days for time incarcerated prior to imposition of sentence, to be served concurrently to any active sentence Petitioner was then serving, and a consecutive term of ten (10) years of probation on the armed robbery count (Doc. 25, Exs. B, C). The court also imposed the 3-year mandatory minimum imprisonment requirement on the possession of a firearm count, pursuant to Florida Statutes § 775.087(2) (*id.*). Petitioner did not directly appeal his convictions and sentences.

On May 2, 2006, Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure, in which he alleged that his sentence violated Florida Statutes § 921.161 (Doc. 25, Ex. D). That state statute provides:

> (1) A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.

Fla. Stat. § 921.161. On June 15, 2006, the state court dismissed the Rule 3.800 motion on the ground that the record indicated that the dates relating to jail credit were specifically discussed and calculated, and Petitioner received all the jail credit he was due (Doc. 25, Ex. E). Petitioner appealed the decision to the Florida First District Court of Appeal, and the appellate court affirmed per curiam without opinion, with the mandate issuing April 13, 2007 (Doc. 25, Exs. H, K).

Petitioner then filed the instant federal habeas action. He raises the following claims in his second amended petition:

> Ground one: State court was fundamentally unfair and did violate Petitioner's state and federal due process of law when it did not allow Petitioner all jail credit that preceded sentence in violation of Florida Statute Annot. 921.161(1) which states, "the court imposing a sentence shall allow a defendant credit for all the time she/he spent in the county jail before sentence."
>
> State trial court did violate Petitioner's due process rights by not allowing him all jail credit in accordance with state and federal statute[s]. The court conceded that credit should be given for the time Petitioner was in detention in other (Leon County) jail. The written sentencing order deprived the Petitioner of the same.

Case No. 5:07cv91/MCR/EMT

> Ground two: State court was fundamentally unfair where the court conceded that jail credit should start from the date of initial detention.
>
> At the plea colloquy after some discussion, the judge conceded, "I am inclined to also agree to give Mr. Green credit for that time that he was in custody in Leon County as long as he was in custody in Leon County." Transcript pg. 6. It was also pointed out the fact that the case numbers went back to 2000, "I tend to agree with him because of the low case numbers." Transcript pg. 24–25. However, January 7, 2000, the arrest date, to March 3, 2006, the date Petitioner was sentenced, was not less than 2250 days. However, the sentencing order was deficient this number of days.
>
> Ground three: Court's sentencing order and court record shows that the Petitioner was denied due process of law according to Title [1]8 U.S.C. S. 3585(b) being denied 365 days jail credit which preceded prison sentence.
>
> Petitioner was arrested and detained on January 7, 2000, in Leon County on Bay County (FL) charges, case numbers 2000-22 and 2000-18, and remained in Leon County custody on other charges until about June 27th, when he was transported to Bay County for a first appearance. On March 3, 2006, the Petitioner was sentenced to 15 years Department of Corrections with only 1880 days jail credit. However, January 7, 2000 to March 3, 2006 in continual custody would not have been less than 2250 days.

(Doc. 29 at 4–5). Petitioner states he presented these claims to the state courts in his Rule 3.800 motion (*id.*).

Respondent concedes that the instant petition was timely filed (Doc. 33 at 2). However, Respondent argues that Petitioner is not entitled to federal habeas relief because his claims truly involve only state law issues, despite Petitioner's having couched them in terms of federal due process; furthermore, Petitioner did not present his claims as federal in nature to the state courts (Doc. 33 at 3–4).

II. LEGAL ANALYSIS

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and

Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002). Thus, federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S. Ct. 475, 479–80, 116 L. Ed. 2d 385 (1991); Wainwright v. Goode, 464 U.S. 78, 83–84, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1983). Errors of state law which do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief. *See* Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas relief, since no question of a constitutional nature is involved.") (quoting Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir. 1983)). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (citation omitted). Absent an overriding constitutional concern, the manner in which the state judicial system interprets its laws is not subject to federal habeas review. Armenia v. Dugger, 867 F.2d 1370, 1376 (11th Cir. 1989). An overriding constitutional concern arises where the state interprets a statute in such a novel, unforeseeable way that it in essence deprives the accused of notice that his actions were criminal and therefore violates the Fourteenth Amendment. *See* Bouie v. City of Columbia, 378 U.S. 347, 352–53, 84 S. Ct. 1697, 1702, 12 L. Ed. 2d 894 (1964).

In the instant case, although Petitioner attempts to assert his claims as federal due process violations, the substance of his claims is that the state court erroneously sentenced him by failing to award him the proper amount of pre-sentence jail credit required by state law. Indeed, Petitioner

discusses his claims only with reference to state law.[1] Furthermore, Petitioner does not contend that the state court's granting him jail credit for 1880 days instead of 2250 days was unforeseeable, and the written plea agreement (signed and unchallenged by Petitioner) conclusively establishes that he not only knew that fifteen (15) year sentences were possible, without any credit for pre-sentence jail time, but he negotiated and agreed to the penalties (Doc. 25, Ex. A). Indeed, by signing the plea agreement, Petitioner acknowledged that no one had made any promises or suggestions that he would receive any form of leniency, except as embodied in the plea agreement (*id*.). He certified that he understood the complete terms of the plea agreement, and if the court did not concur in the agreement, he could withdraw his plea (*id*.). He acknowledged that he had the advice of counsel on all matters included in the plea agreement, and he fully understood the terms of the agreement and the legal implications of the terms (*id*.). He further certified that his plea was entered freely and voluntarily, and no one had persuaded, promised, induced or otherwise influenced him to enter the plea to the violations except as set forth in the written agreement (*id*.). Additionally, during the plea and sentencing hearing, the sentencing judge pronounced that Petitioner would receive credit for 1,880 days of pre-sentence jail credit, and the judge provided Petitioner an opportunity to question that calculation by inquiring, "Anything further?", to which Petitioner responded, "No, Your Honor" (*see* Doc. 25, Ex. B at 22–23). Because Petitioner has not alleged the existence of an overriding constitutional concern in receiving 370 days less of jail credit than he believes he is entitled to receive under Florida law, the state courts' interpretation of state law is not subject to federal habeas review.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

That the second amended petition for writ of habeas corpus (Doc. 29) be **DENIED** with prejudice.

---

[1] Although Petitioner cites 18 U.S.C. § 3585(b) in Ground two, that is a federal sentencing statute, which is not applicable to state courts imposing sentences for state convictions.

Case No. 5:07cv91/MCR/EMT

At Pensacola, Florida, this 29th day of November 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**